LYNDON WINN CARTER,            )
                              )
    Plaintiff,            )
                              )
v.                            )    No. 3:25-cv-01400
                              )
AMAZON LOGISTICS, INC.,       )
                              )
    Defendant.            )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 27) recommending that the Court grant Amazon Logistics, Inc.'s ("Amazon") Motion to Compel Arbitration (Doc. No. 9). Lyndon Carter, proceeding pro se, filed timely objections to the R&R. (Doc. Nos. 28, 29[1]). Amazon responded (Doc. No. 30), and Carter filed a reply (Doc. No. 31). The objections are ripe for review. For the following reasons, Carter's objections will be overruled, the R&R will be adopted, and Amazon's motion to compel arbitration will be granted.

## I.    Background

Carter participated as a delivery driver in the Amazon Flex program, which contracts with individuals who use their own cars to deliver goods to customers. (Doc. No. 27 at 1–2). To join the Amazon Flex program, Carter had to download the Amazon Flex app on his smartphone and create an account. Then he had to accept the Terms of Service ("TOS") by checking a box next to the statement: "I agree to and accept the above," before he could make deliveries. (Id. at 2). The TOS includes the following arbitration provision, in part:

---

[1] Carter filed initial objections with attachments on April 24, 2026 (Doc. No. 28), and then filed supplemental objections on April 27, 2026 (Doc. No. 29). Amazon does not argue that the Court should not consider the supplemental objections, and in fact addresses them in its response. (See Doc. No. 30). Therefore, the Court will consider both the original and supplemental objections.

THE PARTIES WILL RESOLVE BY FINAL AND BINDING ARBITRATION, RATHER THAN IN COURT OR TRIAL BY JURY, ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT, INCLUDING TERMINATION OF THIS AGREEMENT, TO YOUR PARTICIPATION IN THE PROGRAM, OR TO YOUR PERFORMANCE OF SERVICES.

(Doc. No. 10-1 at 14) (Section 11(a) of the TOS). The TOS also provides that Delaware law governs the interpretation and enforcement of the TOS, except the arbitration provision is governed by the Federal Arbitration Act ("FAA")—unless a court determines that the FAA does not apply, in which case Delaware law governs. (Id. at 16). The TOS also contains a delegation clause stating that an arbitrator must resolve disputes about the arbitrability of claims under Section 11(a). (Id. at 15).

Carter alleges that he developed an idea to improve the Amazon Flex program that he communicated to Amazon, and Amazon implemented his ideas without his involvement. (Doc. No. 1 at 2). He also asserts that he was harassed, discriminated against, and retaliated against while working for Amazon Flex. (Id.). Carter sent a demand letter to Amazon seeking to resolve his claims without litigation. (Doc No. 27 at 4). Amazon's legal counsel acknowledged receipt of the letter and stated that the matter would be reviewed. (Doc. No. 13 at 3). Carter asserts that Amazon never responded. (Doc No. 27 at 4). Carter filed this suit alleging violations of 42 U.S.C. §§ 1981 and 1983 and claims for unjust enrichment, "innovation theft / IP Misappropriation," intentional infliction of emotional distress, and failure to investigate harassment. (Doc. No. 1 at 3). Amazon filed the instant motion to compel arbitration pursuant to the TOS. (Doc. No. 9).

The Magistrate Judge recommends granting Amazon's motion to compel arbitration. (Doc No 27 at 12). The Magistrate Judge found that the agreement to arbitrate is valid, enforceable, and

Carter's claims fall within its scope. (Id. at 8, 9). The Magistrate Judge noted that Carter did not dispute that he agreed to the TOS, and that under either Tennessee or Delaware law, by checking the box next to "I agree and accept the above," Carter agreed to the arbitration provision in the TOS. (Id. at 8–9). The R&R reasons that courts have recognized that such "clickwrap" agreements are valid, and courts within the Sixth Circuit have enforced the specific arbitration provision at issue. (Id. at 9).

The R&R also discusses exemptions to the FAA that create carveouts to enforceable arbitration agreements, even though Carter did not raise that issue. Specifically, the Magistrate Judge concluded that no exemptions applied, including those for "workers engaged in interstate commerce" and for claims of sexual harassment. (Id.). The Magistrate Judge reasoned that Carter was a local delivery driver not engaged in interstate commerce, and his conclusory sexual harassment allegations do not meet the standard for plausibly alleging claims sufficient to satisfy the FAA exemption. (Id. at 9–11). Lastly, the Magistrate Judge found Carter's arguments about equity and fairness and that Amazon waived any right to arbitration unavailing. (Id. at 11).

## II. Standard of Review

The Federal Rules of Civil Procedure provide that only "specific written objections" to the Magistrate Judge's R&R are considered "proper" for consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also

> must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections.

M.D. Tenn. L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing,

3

"[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Additionally, arguments raised for the first time to the district court on objection are not properly before the district court for consideration, because arguments are generally forfeited when not first presented to the magistrate judge. See AES-Apex Emp. Servs., Inc. v. Rotondo, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (explaining that petitioner waived claims raised for the first time in his objections to the R&R).

"The failure to properly [or] specifically . . . object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical

4

tasks." Id. "This duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id.

## III. Discussion

As an initial matter, some of Carter's objections are improper. First, he makes arguments that FAA exemptions apply to him for the first time in Objections 1 and 7. (Doc. No. 28 at 1–2, 5); (see also Doc. No. 29 at 5). Carter forfeited these objections by failing to raise them to the Magistrate Judge. Rotondo, 924 F.3d at 867. Even if he had not forfeited them, the R&R adequately addresses why the FAA exemptions do not apply, and Carter's objections do nothing to change that. (See Doc. No. 27 at 9–11). For example, he elaborates on his allegations of sexual harassment in objecting to the R&R. (See Doc. No. 28 at 2; Doc. No. 29 at 5). However, that is an improper way to cure deficiencies in his pleadings. (See Fed. R. Civ. P. 15(a)) (governing amendment of complaints).

Second, in Objection 9, Carter makes general objections about how the R&R does not account for his various communications with Amazon and he should be permitted to develop a factual record. (Doc. No. 28 at 6). But he detailed many of his communications to Amazon in his filing to and reviewed by the Magistrate Judge. (See Doc. Nos. 12, 12-1). Therefore, Objection 9 largely summarizes what he presented before, and is not a proper objection. See VanDriver, 304 F. Supp. 2d at 938. Objection 10 also does nothing more than restate arguments he made elsewhere, either in his other objections to the R&R or in his briefing before the Magistrate Judge. (See Doc. No. 28 at 6–7). Therefore, Objection 10 does not meet the specificity requirement of Federal Rule of Civil Procedure 72(b)(2).

Even assuming Carter properly raises the remainder of his objections, they nonetheless fail. First, he objects to the R&R's analysis of waiver (Objections 2 and 3), arguing that the Magistrate Judge misapplied the law. (Doc. No. 28 at 2–3); (see also Doc. No. 29 at 5–6). Carter contends

5

that the Magistrate Judge did not account for the Supreme Court's decision in <u>Morgan v. Sundance, Inc.</u>, 596 U.S. 411, 417 (2022), which held that courts cannot "create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's policy favoring arbitration." (Internal citation and quotation marks omitted). <u>Morgan</u> is not relevant in this case. The Magistrate Judge correctly observed that the TOS does not impose any obligation on Amazon to take any action in response to the demand letter that Carter sent, and neither does Sixth Circuit caselaw. (Doc. No. 27 at 11). Consequently, the Magistrate Judge was correct in finding that Amazon did not waive its right to arbitration through its pre-litigation conduct. (<u>See</u> <u>id.</u>).

Next, Objections 4, 5, 6, and 8 concern whether the TOS is enforceable and Carter had a meaningful opportunity to understand and consent to its terms, especially in light of his pro se status and the hardships he faced during the relevant time period. (Doc. No. 28 at 3–6); (<u>see also</u> Doc. No. 29 at 1–4). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit." <u>Great Earth Cos. v. Simon</u>, 288 F.3d 878, 889 (6th Cir. 2002) (citation and quotation marks omitted). The summary judgment standard requires the court to "determine whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." <u>Id.</u> Carter points to no evidence in the record supporting his arguments that the arbitration agreement is unenforceable, unconscionable, or that he did not meaningfully assent to it. It is true that pro se filings "should [] be liberally construed." <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (citations and quotation marks omitted). Nevertheless, "[p]ro se litigants must comply with the procedural rules that govern civil cases." <u>Brock v. Hendershott</u>, 840 F.2d 339, 342–43 (6th Cir. 1988). Therefore, Carter's objections will be overruled.

6

**IV.     Conclusion**

For the foregoing reasons, the R&R (Doc. No. 27) is **APPROVED AND ADOPTED** and Amazon's Motion to Compel Arbitration (Doc. No. 9) is **GRANTED**.  This case shall be stayed and administratively closed pending resolution of the arbitration proceedings.  All pending motions are **DENIED AS MOOT.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE